Winston D. Williams
13004 Pine Court
Bowie, MD 20720

Winston **WILLIAMS**, Plaintiff,

v.

Eric K. **SHINSEKI**, Secretary of the Department of Veteran's Affairs, Defendant.

**Civil Action No. 10-070 (CKK/AK)**

United States District Court, District of Columbia.

Signed March 13, 2012

Winston D. Williams, Bowie, MD, pro se.

Rocquelle Angelique Jeri, Law Offices of Rocquelle A. Jeri, Bowie, MD, for Plaintiff.

Rhonda Lisa Campbell, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM ORDER

ALAN KAY, UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion to Compel Responses to Discovery ("Motion to Compel") [36], Defendant's Response to Plaintiff's Motion to Compel ("Opposition") [38], Defendant's Supplemental Response to Plaintiff's Motion to Compel ("Supplemental Opposition") [41] and Plaintiff's Statement on Defendant's Response ("Reply") [43] and Plaintiff's Response to Defendant's Objections to Plaintiff's Interrogatories and Requests for Production of Documents ("Supplemental Reply") [45]. This Court held a hearing on the Motion to Compel on March 5, 2012.

In his Motion to Compel filed on November 23, 2011, Plaintiff notes that he served "three sets [of Requests for Discovery] totaling 45 items" and as of November 21, 2011, he had not received responses from the Defendant.[1] (Motion to Compel at 1-2.) Defendant's Supplemental Opposition indicates that Defendant objects to several of Plaintiff's Requests on grounds that such information is protected from disclosure by the Privacy Act [Requests Nos. 1–4, 10, 13–14, 40, 42, and 44]. Defendant further contends that some of Plaintiff's Requests seek information that is: 1) equally available to the Plaintiff [Requests Nos. 8, 12]; 2) outside the scope of the period relating to the alleged adverse employment action [Requests Nos. 15 and 16]; 3) duplicative of other requests [Requests Nos. 26, 27, 40, 41, 43]; 4) deliberative in nature [Requests No. 34]; and 5) burdensome, confusing, vague, lacking in particularity and overly broad [Requests Nos. 9, 29–31, 34 (with subparts), 36-38 (with subparts)]. (Supplemental Opposition at 4.) Plaintiff's Reply, which was filed at the same time that Defendant's Supplemental Opposition was filed, focused on his need to obtain a response to five of his Requests, Nos. 7–11, and the fact that he had only received a portion of the information requested. ([43] at 2.)

Plaintiff later filed a Supplemental Reply [which totals 213 pages, with exhibits] but because this document is more argu-

---

1. The "45 items" are labeled as "Requests for Production of Documents." The "items" exceed 45 in number because they contain multiple subparts and further, some of the Requests require a written response as well as production of documents. Plaintiff additionally requested that the Defendant respond to "Interrogatories Concerning Potential Witnesses" and "Requests Concerning Potential Exhibits or Witness[es]" and "Requests for Admissions." Defendant agreed to respond to all discovery.

mentative than informative, the Court set a hearing on Plaintiff's Motion to Compel to determine what, if any, discovery requested by Plaintiff was still outstanding.

### Request No. 7

█ Plaintiff acknowledged that he has received the requested photocopies of his performance appraisals and he also indicated that he is aware of the "21 points" set forth by Mr. Gupta ("Gupta"), a member of the selecting panel, to explain why Plaintiff was not selected for the Electrical Engineer, GS-14 position. (Supplemental Reply [45], Exh. 3.) Accordingly, Defendant's response to Plaintiff's Request No. 7 is sufficient.

### Request No. 8

█ Plaintiff requested photocopies of Mr. Tran's [the selectee's] certification, including awards and research papers. Defendant indicated that it has produced Mr. Tran's certification and degree but did not provide evaluations, awards or his research papers because of Privacy Act concerns. The Court notes that Plaintiff has a detailed statement by Gupta explaining why Mr. Tran ("Tran") was selected for the position. (Supplemental Reply [45], Exh. 3.) Defendant's response to Plaintiff's Request No. 8 is sufficient.

### Request No. 9

█ Plaintiff requested hospital design documents/drawings submitted to the Agency by eight persons named by the Plaintiff.[2] During the hearing, Plaintiff in-

dicated that with the exception of Tran, he does not know if the other five people applied for the Electrical Engineer position.[3] Defendant has produced a chart of Tran's designs but objects to providing this information for other people on grounds that it is not relevant to the selecting process; it is burdensome; and there may be Privacy Act considerations. The Court finds that Plaintiff has not demonstrated any need for this information that outweighs Defendant's objections and thus, Defendant's response to Request No. 9 is sufficient.

### Request No. 10

█ Plaintiff requested photocopies of certifications, including resumes and references for six persons [including Khim Chudasama and Larry Lao]. The Court is unclear how this information is relevant to Plaintiff's claim of discrimination relating to his failure to be selected for the Electrical Engineer position. Defendant indicated that it provided professional engineering certifications but did not provide performance evaluations, degrees, GPAs or school records because of Privacy Act concerns.[4] The Court finds that Defendant's response to Request No. 10 is sufficient.

### Request No. 11

█ Plaintiff requests that Defendant provide information about Gupta's reputation, including any complaints against him leading to his reprimand or demotion.[5] Defendant claims that this information has

---

2. The list of eight persons includes Tran (the selectee), Larry Lao and [Khim] Chudasama, both members of the 3-member selecting panel.

3. In Exhibit 3, attached to Plaintiff's Supplemental Motion [45], Gupta indicates that five persons applied for the job and three were given further consideration: Plaintiff, Tran, and Sunil Kham. Only Tran was interviewed for the position.

4. Defendant stated that it had not received permission to provide this information.

5. Plaintiff also requests the race and country of origin of any expert witnesses for the Defendant in this case. Plaintiff explained that "this case" does not refer to the instant case but rather, to any civil action against Gupta. This portion of Request No. 11 bears no relation to this case.

nothing to do with the selecting process and/or is protected under the Privacy Act. This Court finds that to the extent that there were any complaints against Gupta (which did or did not lead to a reprimand or demotion) relating to his actions in connection with the selection process for the Electrical Engineer position, this information should be provided to the Plaintiff.

### Remaining Discovery Requests

The Court upholds Defendant's objections to certain discovery requests, which are noted in the Supplemental Opposition [and summarized on page 2 herein]. Plaintiff further acknowledged that the Defendant has responded to his Requests for Admissions.[6]

Accordingly, it is this 13th day of March, 2012,

ORDERED that Plaintiff's Motion to Compel Responses to Discovery [36] is denied in part and granted in part. Defendant need not supplement its discovery responses except to the extent that there is information regarding complaints against Mr. Gupta (which did or did not lead to a reprimand or demotion) relating to his actions in connection with the selection process for the Electrical Engineer position.

6. The Court explained that Plaintiff's Requests for Admissions were improper in form. The Court also explained that both parties would be asked to identify their witnesses and exhibits in a Pretrial Statement.